J-S46018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RENWICK EUGENE STOTER, A/K/A | : | |
| RENWICK STROTER | : | |
| | : | No. 3889 EDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence July 7, 2017
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001533-2015

BEFORE: BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY SHOGAN, J.: **FILED SEPTEMBER 06, 2018**

Appellant, Renwick Eugene Stoter, also known as Renwick Stroter, appeals from the judgment of sentence entered on July 7, 2017, in the Chester County Court of Common Pleas. We affirm.

The trial court summarized the relevant facts and procedural history of the case as follows:

> [Appellant] was arrested and charged with theft by unlawful taking, receiving stolen property, criminal mischief, recklessly endangering another person, fleeing or attempting to elude police, criminal trespass and criminal conspiracy to commit theft. On March 11, 2015, [Appellant, and co-defendants, Robert McNamara and Anne Bottorf,] removed $15,801.30 worth of tires from vehicles belonging to Fred Beans Ford, West Goshen, Chester County, Pennsylvania.

> On January 23, 2017, [Appellant] entered an open guilty plea to one count of theft by unlawful taking and one count of

conspiracy to commit theft.[1] On July 7, 2017, [Appellant] was sentenced to an aggregate sentence of 36 months to 72 months incarceration,[2] given credit for time served from August 26, 2016 to February 17, 2017 and ordered to pay restitution in the amount of $572.35, joint and several with the two co-defendants. [Appellant] was deemed eligible for RRRI after serving 27 months.

On July 14, 2017, [Appellant] filed a Motion for Reconsideration and Reduction of Sentence. Following a hearing on October 31, 2017, [Appellant's] motion was denied. [Appellant] timely filed the instant appeal on November 15, 2017.

Trial Court Opinion, 1/12/18, at 1-2. Both the trial court and Appellant have complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issues for this Court's consideration:

1. Whether the trial court's sentence was excessive, given the Sentencing Guideline ranges and the Appellant's cooperation with the prosecution?

2. Did the sentencing court abuse its discretion by failing to adequately state, on the record, the reason for the lack of a large disparity between the sentences imposed upon the cooperating Appellant and the non-cooperating co-defendant, Robert McNamara, who pled guilty to the same offenses, plus an additional offense, and had a somewhat more serious criminal history?

_____

[1] 18 Pa.C.S. §§ 3921(a) and 903(c), respectively.

[2] The trial court sentenced Appellant to a term of eighteen to thirty-six months of incarceration for theft by unlawful taking and a consecutive sentence of eighteen to thirty-six months of incarceration for conspiracy. N.T., 7/7/17, at 21. Both crimes were graded as felonies of the third degree with offense gravity scores of five. Guilty Plea Colloquy, 1/23/17, at 1; 204 Pa.Code § 303.16. Additionally, Appellant had a prior record score of five. N.T., 7/7/17, at 5. Accordingly, each of Appellant's sentences was within the standard range of the Sentencing Guidelines. 204 Pa.Code § 303.16.

Appellant's Brief at 7.

Appellant's issues present challenges to the discretionary aspects of his sentence. It is well settled that when an appellant challenges the discretionary aspects of his sentence there is no automatic appeal; rather, the appeal will be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). Furthermore, as this Court noted in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. §9781(b).

*Id*. at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)).

Appellant has satisfied the first and third elements of the four-part test from *Moury*. Appellant filed a timely notice of appeal and provided a statement of reasons for allowance of appeal from the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f) in his brief. However, with respect to the second prong, we are constrained to point out that Appellant preserved only his first issue on appeal concerning the trial court's alleged

failure to consider Appellant's cooperation with law enforcement after his arrest. Appellant did not raise the disparity between his sentence and co-defendant Robert McNamara's sentence in his post-sentence motion or at sentencing. Accordingly, Appellant's second issue is waived. *Moury*, 992 A.2d at 170; Pa.R.Crim.P. 720.

Next, we must determine if Appellant has raised a substantial question for our review. *Moury*, 992 A.2d at 170.

> A substantial question requires a demonstration that "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005). This Court's inquiry "must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id*. Whether a substantial question has been raised is determined on a case-by-case basis; the fact that a sentence is within the statutory limits does not mean a substantial question cannot be raised. *Commonwealth v. Titus*, 816 A.2d 251, 255 (Pa. Super. 2003). However, a bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim. *Id*.

*Commonwealth v. Fisher*, 47 A.3d 155, 159 (Pa. Super. 2012).

In his Pa.R.A.P. 2119(f) statement, Appellant avers that his sentence was unduly harsh, and the trial court failed to consider Appellant's cooperation with the authorities and his remorse. Appellant's Brief at 11. While not artfully drafted, we conclude that Appellant has raised a substantial question. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1272 (Pa. Super. 2013) (a claim

- 4 -

that a sentence is excessive, in conjunction with an assertion that the trial court did not consider mitigating factors, raises a substantial question).[3]

It should be noted that "sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Sheller**, 961 A.2d 187, 190 (Pa. Super. 2008). Additionally, an abuse of discretion is not merely an error in judgment; rather, an appellant must establish that the trial court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or reached a manifestly unreasonable decision. **Id.**

The trial court addressed this issue as follows:

> [Appellant] first argues that the sentence imposed by the Court was excessive in light of his cooperation with law enforcement and the sentencing guidelines. [Appellant] pled guilty to one count of theft by unlawful taking and one count of criminal conspiracy to commit theft. A presentence investigation report (PSI) was ordered by the Court to assist the court in rendering a sentence. [Appellant] did not appear for the PSI interview, despite phone calls from Chester County Adult Probation to arrange an interview.
>
> The PSI revealed [Appellant] has multiple convictions from three different states as well as a federal conviction. These convictions date back to 1988 and include convictions for theft by deception, passing bad checks, fraud (checks), unauthorized use of a credit card, false reports, attempted forgery, identity theft and federal charge of credit card fraud. [Appellant] was also

---

[3] This Court has provided less than clear guidance as to what constitutes a substantial question relative to claims of an excessive sentence and the consideration that the sentencing courts give to mitigating factors. **See Dodge**, 77 A.3d at 1272 n.8.

convicted of possession of a controlled substance and possession with intent to deliver a controlled substance. [Appellant] served periods of incarceration ranging from one month to three years, as well as being subject to periods of probation. [Appellant] absconded from supervision in 1988, 1994 and 1997. [Appellant] was on supervision when he committed the offenses in Chester County and while on bail for these offenses, failed to report to the Chester County Department of Pretrial Services on five separate occasions between March 2016 and April 2017.

While on bail in Chester County, [Appellant] committed another crime in Bucks County. [Appellant] pleaded guilty to criminal solicitation-identity theft (3rd degree felony) on February 17, 2017. While incarcerated in Bucks County, [Appellant] provided information to the FBI leading to the arrest of a suspect in a bank robbery. (N.T. 7/7/2017, 6). Based upon this information, the deputy district attorney agreed to lift the Chester County detainer to allow [Appellant] to be released from Bucks County Prison in order to assist law enforcement with obtaining information regarding other crimes. (N.T. 7/7/2017, 6). On February 13, 2017, [Appellant] was released in order to cooperate with law enforcement. Once released from prison, [Appellant] failed to provide any additional information about any other crimes. (N.T. 7/7/20[1]7, 7). [Appellant] would not return the FBI agent's calls and would only contact the FBI on the agent's desk phone in the middle of the night when he knew the agent was not there. (N.T. 7/7/2017, 7). [Appellant] was involved with one controlled buy for the Bensalem Police Department, but did not provide any other information to law enforcement. (N.T. 7/7/2017, 6-7).

During the hearing on post-sentence motions on October 31, 2017, Detective Jeff McGee, a Plymouth Township police detective who was working with the FBI violent crimes task force and has known [Appellant] since 2001, testified that he eventually contacted the deputy district attorney on the instant matter and informed her he could no longer work with [Appellant] because he was untrustworthy. [Appellant] attempted to make a deal with law enforcement while he was in Bucks County Prison before providing the information regarding the robbery. While Detective McGee attempted to arrange a meeting with [Appellant], he never met with [Appellant] because [Appellant] was unavailable for various reasons, including health problems.[1] Although [Appellant] testified he called Detective McGee five times during business

hours to arrange a meeting and Detective McGee identified the number called as being desk phone number, [Appellant] never met with Detective McGee.

[1] It was noted during sentencing that [Appellant] sent correspondence to the Court seeking to be released from prison in order to have a biopsy for prostate cancer, which according to [Appellant] was an urgent matter. (N.T. 7/7[/]2017, 24). [Appellant] had the biopsy done, but did not have surgery. (N.T. 7/7/2017, 24-25).

Contrary to [Appellant's] argument, [Appellant's] sentence was not excessive given the extent of [Appellant's] actual cooperation with law enforcement. [Appellant] did not provide any additional information to law enforcement once he was released from Bucks County Prison. [Appellant] attempted to use one law enforcement group against another in order to further his own agenda. (N.T. 7/7/2[0]17, 6-7). [Appellant] was free on bail for five months prior to being sentenced, when he would have otherwise been incarcerated pending sentencing on the charges in Chester County. This was a consideration of the Court when fashioning [Appellant's] sentence.

[Appellant's] lack of actual cooperation with law enforcement was not the only factor considered by the Court in rendering a sentence. [Appellant's] prior lengthy criminal history as well as commission of a new crime while on bail and the serious nature of the crimes committed contributed to the formulation of [Appellant's] sentence. [Appellant's] testimony during the post sentence hearing, that he attempted to contact Detective McGee five times during business hours in order to set up a time for an interview, does not change the reality that [Appellant] never met with Detective McGee and failed to provide any additional information to law enforcement after he was released from Bucks County Prison.

[Appellant] received a sentence within the standard range of the sentencing guidelines. Given [Appellant's] prior record score of 5, the standard sentencing range for theft by unlawful taking is 12 to 18 months [of] incarceration; the standard sentencing range for criminal conspiracy to commit theft is also 12 to 18 months [of] incarceration. The maximum sentence on each of these crimes is 7 years imprisonment. [Appellant] was

given a sentence in the higher range of the guidelines due to his lengthy criminal history, the serious nature of the crimes committed and the fact that he committed another crime while released on bail, thereby violating the terms of his bail. [Appellant] was not given a sentence in the aggravated range due to the information he provided to law enforcement while he was in Bucks County Prison.

The reasons for the sentence are fully set forth by the Court in the transcript of the sentencing on July 7, 2017. We hereby incorporate the transcript as the Opinion of the Court for the purposes of the appeal on this issue.

Trial Court Opinion, 1/12/18, at 3-6.

As noted, the trial court had the benefit of a pre-sentence investigation report ("PSI"), which gives rise to a presumption that the trial court properly considered and weighed all relevant factors. **See Commonwealth v. Finnecy**, 135 A.3d 1028, 1038 (Pa. Super. 2016) ("[W]here the sentencing judge had the benefit of a [PSI] report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."). Moreover, the trial court was aware of Appellant's assistance of law enforcement and his cessation in assisting law enforcement. N.T., 7/7/17, at 6-7. The trial court stated that it considered Appellant's recidivism and repeated failures to avail himself of the opportunities to rehabilitate. **Id.** at 20-21. For these reasons, we conclude that the trial court considered all relevant factors, and that his sentence was not excessive in light of those factors, when imposing Appellant's standard-range sentences. Accordingly,

Appellant is entitled to no relief, and we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/6/18